FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ SEP 13 2006 ★
BROOKLYN OFFICE

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JESUS FUENTES, as a Parent of a Disabled

          Plaintiff,

  -against-

BOARD OF EDUCATION OF THE CITY OF
NEW YORK; BARRY MASTELLONE,
Administrator of the HHVI of the Board of
Education of the City of New York; and
DENISE WASHINGTON, Chief Administrator of
Impartial Hearing Office of the Board of
Education of the City of New York,

          Defendants.
-------------------------------------------------------X

**MEMORANDUM AND ORDER**
Case No. 01-CV-1454 (FB) (MDG)

*Appearances:*
*For the Plaintiff:*
SHAWN V. MOREHEAD, ESQ.
Advocates for Children of New York
151 West 30th Street, 5th Floor
New York, NY 10001

*For the Defendants:*
MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the City of New York
By: JANICE CASEY SILVERBERG, ESQ.
Assistant Corporation Counsel
100 Church Street, Room 2-170
New York, NY 10007

**BLOCK, District Judge:**

      This case is on remand from the Second Circuit with instructions to determine whether the failure of plaintiff, Jesus Fuentes ("Fuentes"), to join his ex-wife, Karen Thompson ("Thompson"), warrants dismissal of his complaint. *See Fuentes v. Board of Educ.*, 2005 WL 1527779, at *2 (2d Cir. Jun. 28, 2005) ("[W]e remand the case to the district court, since it is better situated than we are to decide the joinder question in the first instance."). At oral argument held on September 11, 2006, counsel jointly represented that Thompson has lived in Queens, New York, since the inception of this lawsuit. She is

therefore subject to service of process; moreover, her joinder would not deprive the Court of subject-matter jurisdiction, which is based in this case on the existence of a federal question, not on diversity of the parties. Thus, even assuming that Thompson is a necessary party under Federal Rule of Civil Procedure 19, Fuentes' failure to join her does not warrant dismissal of his complaint. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1611 (3d ed. 2001) ("[T]he nonjoinder of someone described in Rule 19(a) does not result in a dismissal if that person can be made a party to the action.").

In the usual case, the Court would proceed at this point to consider whether Thompson qualifies as a necessary party under Rule 19 and, if so, to order her joinder. Here, however, such an analysis is unnecessary because, for the reasons stated in the Court's Memorandum and Order of April 23, 2003 – which is hereby readopted – Fuentes lacks standing to maintain this action. It would be an exercise in futility to order Thompson's joinder only to dismiss the action for lack of standing. *Accord Fauconier v. Committee of Special Educ.*, 2002 WL 31235786, at *5 (S.D.N.Y. Oct. 2, 2002) (Ellis, M.J.) (noting that necessary party could be joined, but recommending dismissal on other grounds).

Because Fuentes' failure to join Thompson is not a basis for dismissal, his lack of standing is dispositive. The complaint is dismissed in its entirety.[1]

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 12, 2006

---

[1] At oral argument, counsel for defendants represented – and Fuentes' counsel did not dispute – that Fuentes' son is now 19 years old and recently graduated from high school. Whatever effect those facts might have on entitlement to services under the IDEA (an issue the Court need not decide in light of Fuentes' lack of standing), they do not foreclose Fuentes' request for damages under § 1983, *see Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 786 n.14 ("Although monetary damages are not available under the IDEA itself, a plaintiff may recover monetary damages for a violation of the IDEA pursuant to § 1983."); to that extent, at least, the case is not moot.